Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

Dated: August 7th, 2018

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| IN RE: | CASE NO. 2:18-bk-20037 |
| JAMES LEONARD SHUFF and LISA KAY SHUFF, | CHAPTER 7 |
| Debtor. | JUDGE FRANK W. VOLK |

**MEMORANDUM OPINION AND ORDER
BARRING DEBTORS FROM REFILING
FOR A PERIOD OF 180 DAYS**

Pending is the United States Trustee's motion (doc. 23) to bar the Debtors from refiling a future bankruptcy case for 180 days.

Mr. and Mrs. Shuff filed this Chapter 7 case on February 1, 2018. They (1) failed to attend any scheduled 341 meeting of creditors, (2) did not file required documents (including credit counseling certificates, schedules, the statement of financial affairs, Official Form 22A, and copies of payment advices or an affidavit that none exist), and (3) failed to provide tax returns as required by the Bankruptcy Code. The Shuffs filed two prior cases that were dismissed for failure to provide the same documents missing herein.

The United States Trustee moved to dismiss the case, which was first heard on March 29, 2018. The Court admonished the Shuffs -- during that hearing as well as the proceedings in their prior abortive cases -- to find counsel to assist them.

The Motion to Dismiss was the subject of a second hearing on June 14, 2018. The Shuffs had still not filed schedules, failed to appear at a 341 meeting of creditors, and had not met with counsel. The matter is ready for adjudication.

## I.

As noted, the instant case is Mr. and Mrs. Shuff's third Chapter 7 filing within a year. The prior cases are as follows:

| Case No. | Date Filed | Date Dismissed |
|---|---|---|
| 17-20212 (Ch. 7) | April 18, 2017 | October 18, 2017 |
| 17-20500 (Ch. 7) | September 28, 2017 | December 18, 2017 |

Both of these cases were dismissed on motion of the United States Trustee after the Shuffs omitted their Schedules A-J, the Statement of Financial Affairs, Official Form 22A, and copies of payment advices or an affidavit that none existed. They received at least two extensions to do so, with the third one being denied. As noted, these same defaults have continued in the instant case, which was filed February 1, 2018. Additionally, the Debtors failed to appear at the section 341 meeting scheduled for March 22, 2018.

## II.

**A.   Governing Standard**

Title 11 U.S.C. § 109 governs who may be a debtor. Section 109(g)(1) provides as follows:

(g) Notwithstanding any other provision of this section, no individual . . . may be a

2

> debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if--
>
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case . . . .

11 U.S.C. § 109(g)(1).

This 180-day filing ban is "an extraordinary remedy for perceived abuses of the [Bankruptcy] Code." *Houck v. Substitute Trustee Servs.*, 791 F.3d 473 (4th Cir. 2015) (quoting *Frieouf v. United States (In re Frieouf)*, 938 F.2d 1099, 1104 (10th Cir. 1991) (internal quotation marks omitted)). "Willful," although not defined in the Bankruptcy Code, has been interpreted as meaning "deliberate or intentional." *Denisar v. Payne*, No. 5:12cv00090, 2013 U.S. Dist. LEXIS 10047, at *9 (W.D. Va. Jan. 25, 2013) (quoting *Walker v. Stanley*, 231 B.R. 343, 347-47 (N.D. Cal. 1999) (citing *In re Herrera*, 194 B.R. 178, 188 (Bankr. N.D. Ill. 1996))). Failing to make a Chapter 13 Plan payment or missing a single hearing or 341 meeting of creditors does not rise to the level of "willful." *Id.* However, courts have interpreted repeated conduct as deliberate conduct. *Id.* And, importantly, "the court will infer from a pattern of dismissals and re-filing in unchanged circumstances willful failure to abide by orders of the court and an abuse of the bankruptcy process which this amendment was designed to prevent." *Id.* at *10 (quoting *Walker*, 231 B.R. at 348 (quoting *Hererra*, 194 B.R. at 189 (quoting *In re Nelkovski*, 46 B.R. 542, 545 (Bankr. N.D. Ill. 1985))).

For example, in *Colonial Auto Ctr. v. Tomlin (In re Tomlin)*, 105 F.3d 933 (4th Cir. 1997), the debtor failed to attend the initial creditors meeting and did not file schedules. Our court of appeals described these actions as constituting "an abuse of the protection afforded her by the bankruptcy system." *Tomlin*, 105 F.3d at 941. Furthermore, "[h]er purpose seemed clear; by continuously filing petitions, the automatic stay prevented foreclosure action on her home." *Id.*

3

Importantly, the court of appeals noted that the *Tomlin* debtor's behavior was "the very behavior for which Congress formulated § 109(g)." *Id.*

**B.    Analysis**

In the present case alone, Mr. and Mrs. Shuff have demonstrated behavior satisfying the requirements of section 109(g)(1).  They failed to attend the scheduled 341 meeting of creditors on March 22, 2018.  They did not file Schedules A-J, a Statement of Financial Affairs, Official Form 22A, and copies of payment advices or an affidavit that none exist. Since the instant Chapter 13 petition was filed, the Debtors have shown a lack of dedication to proper prosecution of their case and have subsequently brought themselves within the purview of 11 U.S.C. § 109(g)(1).

There is exhibited in the relevant filings a flagrant disregard for the bankruptcy process.  Essentially, the Debtors filed their cases and then took no action to abide by the Code.  This pattern evidences deliberateness and willfulness.  This Court will infer from their actions an abuse of the bankruptcy process. Their behavior, as in *Tomlin*, is the very behavior for which Congress formulated section 109(g)(1).

It is **ORDERED** that Mr. James Leonard Shuff and Mrs. Lisa Kay Shuff be, and are hereby, barred from filing another bankruptcy case under this title for 180 days from the entry of this written opinion and order.

The Clerk is directed to transmit a copy of this written opinion and order to all parties and counsel entitled to notice.